■ JEAN I. RABINOWITZ, Respondent, v. MAURICE S. INDURSKY, Appellant.— Judgment unanimously reversed, upon the law and upon the facts, the verdict vacated and a new trial ordered, with costs to the appellant. Defendant was entitled to a charge, as requested, that if the jury found that plaintiff was to give testimony in consideration for the percentage agreement, then such agreement was illegal and defendant was entitled to a verdict. Defendant was also entitled to a charge, as requested, that if the jury found that plaintiff had not made a disclosure to Harold Indursky of plaintiff's financial interest in any settlement that then, too, the agreement would be an illegal one designed to exploit a confidential relationship and, in that event, defendant was entitled to a verdict. Apart from the failure to grant the requests to charge which requires a new trial, a new trial is also merited because the verdict is contrary to the weight of the credible evidence. There was insufficient to show that plaintiff caused or contributed to the settlement with Harold Indursky or that the agreement was as alleged and testified. On the contrary, the proof strongly suggests that plaintiff's part in the family dispute was quite different from that which she testified. Concur — Breitel, J. P., Rabin, Stevens and Eager, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. LOUIS FINKELSTEIN, JOSEPH KLEINBERG, NATHAN GOLDSTEIN, LOUIS SCHAEFFER and HERMAN H. SCHENKMAN, Appellants.— Judgments of conviction unanimously affirmed. It is not clear that *People* v. *Engel* (7 N Y 2d 1002) determined that section 1141 of the Penal Law in its present form is unconstitutional. The decision is supportable by the absence in that case of any proof which would supply the element of *scienter*. In the absence of further clarification by the highest court of the State the statute may be construed to require *scienter* and thus satisfy the requirements laid down in *Smith* v. *California* (361 U. S. 147). *People* v. *Shapiro* (6 A D 2d 271) is not dispositive of the question before this court because the decision is not controlling in this Department and because the decision is not one in the highest court of the State (cf. *Smith* v. *California, supra*, p. 149, especially footnote 2). Assuming the validity of the statute the books in question come under its condemnation. Concur — Botein, P. J., Breitel, McNally and Stevens, JJ.